UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

CHARLES A. THAXTON                                                                              PLAINTIFF

v.                                                              CIVIL ACTION NO. 1:07-CV-P33-R

JACKIE STRODE et al.                                                                        DEFENDANTS

**OPINION**

Plaintiff, Charles A. Thaxton, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss certain claims and allow other claims to proceed.

**I. SUMMARY OF CLAIMS**

Plaintiff is a pretrial detainee at the Warren County Regional Jail. He sues the following employees of the Warren County Regional Jail in their individual and official capacities: Jailer Jackie Strode, Chief Deputy Jailer Gayle Eston, Captain Patricia Johnson, and Officer Steve Lashlee. He also sues the Warren County Regional Jail. He alleges that on October 27, 2006, he was told by Defendants Lashlee and Johnson that he could not attend Muslim religious services because the computer listed his religion as Jewish. He further alleges that Defendant Eston denied his grievance regarding the denial of his desire to attend the Muslim service citing the past history of hatred and violence between the Muslim and Jewish religions. He asserts that there is no history of violence between Muslims and Jews at the Warren County Regional Jail. He alleges that Defendants Johnson and Lashlee violated his constitutional rights by denying him the free exercise of religion. He alleges that Defendants Eston and Strode violated his First, Eighth, and Fourteenth Amendment rights by denying him freedom of religion when they denied

his grievance.  He also alleges that on the dates in question Defendants Lashlee, Johnson, Eston and Strode caused him serious psychological pain, extreme mental anguish, anxiety, and severe depression.  He asserts that he does not have a record that reflects violence or hatred to any religious sermon and was not part of the religious wars that took place in history.  He requests monetary and punitive damages of $6,500,000 each and states that his requests for injunctive and other relief need to be discussed with proper legal counsel.

He attaches to his complaint a copy of the Warren County Regional Jail Inmate Rights, which states in pertinent part that inmates are allowed to practice their religion within limits necessary to maintain order and security and that inmates shall have the opportunity to participate in religious services.  He attaches a computer printout stating that his religion is "Jewish."  Also attached is a grievance form dated October 27, 2006, in which Plaintiff details that on that date he was denied "Islam religious service."  He further stated in that grievance that he was told by "Captain Pat"[1] that he had to be a known Muslim to attend the Islamic sermon, which he felt was unfair, and that he felt he was being discriminated against because of his race and religion.  He also stated that "Officer Steve"[2] and Captain Pat yelled at him in an intimidating manner.  He states that he told Captain Pat that he "serve[d] 'God' and in that, I go to all religious services to study, learn and pray" and that he had gone to Christian and Catholic services without being stopped or required to make a request.

He also attaches the response to that grievance, signed by Defendant Eston, stating, "Due

---

[1] The complaint and attachments thereto support the Court's assumption for purposes of this Opinion that "Captain Pat" refers to Defendant Johnson.

[2] The complaint and attachments thereto support the Court's assumption for purposes of this Opinion that "Officer Steve" refers to Defendant Lashlee.

2

to past history of violence/hatred between Muslim [and] Jewish Religion, you will not be attending the service." In his appeal from that denial, Plaintiff stated that he explained to "Mrs. Gayle"[3] that he was not a part of any violence or hatred between Muslims and Jews; that he goes to religious services to study God's word to better himself; that he is not a violent person; and that he is in a cell with Muslims. He also attaches the denial of that appeal from Defendant Strode.

Also attached is an inmate request form dated November 15, 2006, in which Plaintiff asked what history has to do with him practicing or studying religion and whether he was being considered a threat. The response from Defendant Johnson was that the issue had been addressed by the Jailer. He also attaches a November 6, 2006, appeal notice regarding his grievance and a February 9, 2007, letter from the Warren County Judge Executive, who concluded that the disposition of his grievance by the Warren County Jailer was proper.[4]

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore,

---

[3] The Court assumes for purposes of this Opinion that "Mrs. Gayle" is Defendant Eston.

[4] He also attaches a copy of Joint General Order No. 04-01 concerning electronic availability of case file information, but the Court fails to see the relevance of this General Order in the present case.

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). Therefore, the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (internal quotation marks and citations omitted).

*A.     Warren County Regional Jail*

Warren County Regional Jail is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Compare Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Warren County that is the proper defendant. *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County

Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Warren County is a "person" for purposes of § 1983. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the claims against Warren County Regional Jail as brought against Warren County.

B.     *First Amendment claim*

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . .." Inmates retain their First Amendment right to exercise their religious beliefs.[5] *Cruz v. Beto*, 405 U.S. 319, 322 (1972)(*per curiam*). To establish a free-exercise violation, an inmate must show that defendants burdened the practice of religion by preventing him from engaging in conduct mandated by his faith without any justification reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U .S. 78, 89 (1987). However, the Court must give great deference to the prison officials when the constitutionality of prison regulations are challenged. *Id.* at 89-90; *Bell v. Wolfish,* 441 U.S. 520, 547 (1979).

Plaintiff claims that Defendants violated his right to free exercise by refusing to allow him to attend a Muslim service. Since Plaintiff identified himself as being Jewish when he entered the Warren County Regional Jail and that he does not assert that he wishes to become Muslim, it is not entirely clear that his right to practice *his* religion is being infringed upon. "Only beliefs rooted in religion are protected by the Free Exercise Clause, which, by its terms, gives special protection to the exercise of religion." *Thomas v. Review Bd. of Ind. Employment Sec. Div.*, 450

---

[5] The First Amendment applies to the States through the Fourteenth Amendment. *Cruz*, 405 U.S. at 1081.

U.S. 707, 713 (1981). "The determination of what is a 'religious' belief or practice . . . is not to turn upon a judicial perception of the particular belief or practice in question; religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." *Id.* at 713-14 (footnote omitted).

However, reading Plaintiff's complaint liberally, as this Court must, *Boag*, 454 U.S. at 365, given that Plaintiff alleges that he goes to all religious services to study God's word and to pray and that a religious belief "need not be . . . logical, consistent, or comprehensible to others in order to merit First Amendment protection," *Thomas*, 450 U.S. at 713-14, the Court will allow Plaintiff's First Amendment claim to go forward.

C. *Eighth Amendment claim*

The Eighth Amendment prohibits cruel and unusual punishment. However, pretrial detainees such as Plaintiff are not protected by the Eighth Amendment. Instead, the treatment of pretrial detainees is evaluated under the Fourteenth Amendment. *Bell*, 441 U.S. at 545 ("[P]retrial detainees, who have not been convicted of any crimes, retain at least those constitutional rights that we have held are enjoyed by convicted prisoners."); *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001). Plaintiff fails to state how the facts he sets forth constitute cruel and unusual punishment, and the Court is unable to decipher the connection. *See Parrish v. Johnson*, 800 F.2d 600, 609 (6th Cir. 1986) ("In concrete terms, the Eighth Amendment protects prisoners from being severely beaten, intentionally denied medical care for serious medical needs, recklessly subjected to violent attacks or sexual assaults, and denied 'the basic elements of hygiene.'" (citations omitted)). Thus, Plaintiff's claim under the Eighth Amendment will be dismissed.

## III. CONCLUSION

The Court will dismiss Plaintiff's Eighth Amendment claim in a separate order. In permitting the remaining claims to go forward, the Court passes no judgment on the merits or ultimate outcome of this case.

Date:


cc:     Plaintiff, *pro se*
        Defendants
        Warren County Attorney
4413.009